IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TIMOTHY SHAYNE HARDIN, JR., § | |
| Petitioner, § | |
| § | |
| v. § | No. 3:18-cv-2152-M (BT) |
| § | |
| LORIE DAVIS, *Director*, TDCJ-CID § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Timothy Shayne Hardin, Jr., a Texas prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. The Court referred the resulting civil action to the United States magistrate judge, pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the Court should dismiss the petition as barred by the statute of limitations.

I.

Petitioner was convicted of aggravated assault and retaliation; he was sentenced to five years deferred adjudication probation in both cases. *State of Texas v. Timothy Shayne Hardin, Jr.*, Nos. F-1445111-I and F-1445117-I (Dist. Ct. No. 2, Dallas County, Tex., June 9, 2014). On March 30, 2016, the state court revoked Petitioner's probation, adjudicated him guilty, and sentenced him to sixteen years in prison in both cases, to run concurrently. On December 21, 2016, the Fifth District Court of Appeals affirmed, *Hardin v. State*, Nos. 05-16-00621-CR and 05-16-00622-CR, 2016 WL 7384164 (Tex. App. – Dallas 2016, pet. ref'd),

1

and on April 26, 2017, the Court of Criminal Appeals refused Petitioner's petitions for discretionary review. On May 8, 2017, Petitioner filed two state habeas petitions, *Ex parte Hardin*, Nos. 87,304-01, 87,304-02, which the Texas Court of Criminal Appeals dismissed as non-compliant with Texas Rule of Appellate Procedure 73.1, on October 4, 2017. Petitioner then filed this § 2254 petition on August 9, 2018, in which argues he is actually innocent of violating his deferred adjudication probation, and the revocation of his probation violated his constitutional rights.

II.

A.  **Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub. L. 104-132, 110 Stat. 1214 (1996). In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. 28 U.S.C. § 2244(d)(1)(A).[1]

---

[1] The statute provides that the limitations period shall run from the latest of--

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

On April 26, 2017, the Texas Court of Criminal Appeals refused Petitioner's petitions for discretionary review. Thus, his convictions became final ninety days later, on July 25, 2017. *See* Sup. Ct. R. 13; *see also Roberts v. Cockrell* 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires regardless of when mandate issues). Petitioner then had one year, or until July 25, 2018, to file his federal petition.

The filing of a state petition for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). Statutory tolling, however, applies only during the pendency of a "properly filed" state habeas petition. 28 U.S.C. § 2244(d)(2). Petitioner's habeas applications were dismissed because they failed to comply with Rule 73.1 of the Texas Rules of Appellate Procedure. (ECF Nos. 15, 17.) The petitions therefore were not "properly filed" within the meaning of § 2244(d). *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000) ("an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings); *see also Villegas v. Johnson*, 184 F.3d 467, 469 (5th

---

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Cir. 1999). Because Petitioner's state habeas petitions were not properly filed, they did not statutorily toll the limitations period.

Petitioner was required to file his § 2254 petition by July 25, 2018. He did not file his petition until August 9, 2018.[2] His § 2254 petition is therefore untimely.

## B.     Equitable Tolling

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that "'[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

---

[2]     Under § 2254, petitions are considered filed on the date the inmate tenders the petition to prison officials for mailing. **Error! Main Document Only.***See Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998). Here, Petitioner states he placed his petition in the prison mailing system on August 9, 2018. (ECF No. 3 at 10).

Petitioner has made no argument that he is entitled to equitable tolling. He has failed to establish that he was misled by the State or prevented in some extraordinary way from asserting his rights. He is therefore not entitled to equitable tolling.

## C.    Actual Innocence

Petitioner argues he should be excused from the limitations period because he is actually innocent. The Supreme Court has held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* and *House*, or, as in this case, expiration of the statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). A petitioner who claims actual innocence, however, "must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* Petitioner has failed to meet this high standard. He has failed to submit any new evidence to support his claim. Petitioner's actual innocence claim is insufficient to excuse him from the statute of limitations.

### III.

The Court should dismiss with prejudice the petition for a writ of habeas corpus as barred by the one-year limitation period. *See* 28 U.S.C. §2244(d).

Signed February 11, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO OBJECT</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).